IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH A. GREENE,                         *
MARY E. GREENE,

Plaintiffs                                 *

v.                                         *     Civil Action No. JKB-15-1318

HOMECARE MARYLAND LLC,                     *

Defendant                                  *
                                          ***

## MEMORANDUM

The above-captioned Complaint was filed on May 8, 2015, together with a Motion to Proceed in Forma Pauperis. Because Plaintiff appears to be indigent, the motion shall be granted.

The 32-page typewritten Complaint, filed by Kenneth A. Greene on his own behalf and on behalf of his mother Mary E. Greene against HomeCare Maryland, LLC alleges, as best the Court can discern, that Homecare Maryland LLC "assaulted and batter[ed]" Mary Greene and reported Kenneth Greene to adult protective services. ECF 1.

The complaint is rife with legal conclusions and nonsensical factual allegations such as:

> Companies owned by Jews of Eastern European descent have long filed anonymous complaints with Adult Protective Services to cover up their unlawful activities, under cover of state law promoted by Jews of Eastern European descent sitting on the Maryland General Assembly.

ECF 1, p. 13.

Overall, Plaintiff alleges that the history of Jews demonstrates a conspiracy against non-Jews. He generally alleges that his civil rights have been violated, Defendant has conspired to violate his civil rights, his rights under the Religious Freedom Restoration Act have been violated, and he has suffered disability discrimination. ECF 1.

A Complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). The allegations asserted by Plaintiff are the product of fantasy or delusional thinking that cannot be addressed by this Court. Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

Additionally, the Complaint is subject to dismissal for failure to state a claim pursuant to Rule 12(b)(6). A Court is not obliged to ferret through a complaint in search of viable claims. The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the Court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981) (quoting *DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977)). To comply with Rule 8, a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although district courts have a duty to construe pro se pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating duty to construe liberally does not require courts to "conjure up questions never squarely presented").

The Complaint does not comply with Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1), requiring each

allegation of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Complaint provides no factual support for the myriad statutory and constitutional claims. As such, it does not provide this Court or any potential defendants "fair notice" of the claims and facts upon which they are based. The Court will, therefore, dismiss the Complaint.

To the extent Plaintiff seeks to bring this action on behalf of his mother, he may not do so. Plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct which is likely to be redressed by the requested relief. *See Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff simply has no standing to assert the rights of his mother who may have suffered harm as the result of the alleged acts of Defendant.[1]

DATED this 27 day of May, 2015

*James K. Bredar* (signature)
James K. Bredar
United States District Judge

---

[1] To the extent Plaintiff seeks to bring this case on behalf of his mother as her attorney in fact, he may not do so as he was previously advised in *Greene v. Solar City*, Civil Action No. WMN-15-1182 (D.Md. 2014.) *See* Local Rule 101.1.a. (D. Md. 2014) (non-attorney individuals may represent only themselves).